

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABELINO RAMOS DIAZ, | Case No.: 25-cv-3105-BJC-MSB |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| CHRISTOPHER J. LAROSE, Senior Warden of Otay Mesa Detention Center, et al., | **[ECF No. 1]** |
| Respondents. | |

On July 9, 2025, Petitioner Abelino Ramos Diaz, a citizen of Mexico, was arrested by Immigration and Customs Enforcement ("ICE") agents in San Bernardino, California and, within a few days, transferred to the Otay Mesa Detention Center. ECF No. 1 ¶¶ 25, 26. On July 14, 2025, Petitioner was served with a Notice to Appear that charged him with being present in the United States without admission or parole. ECF No. 1 at 52. A bond redetermination hearing took place on July 25, 2025, and the immigration judge ordered that Petitioner be released on bond of $4,500. *Id.* ¶ 30, 56-58, 60. The immigration judge also ordered Petitioner be released with Alternatives to Detention under the Department of Homeland ("DHS") Security's discretion. *Id.* DHS appealed the decision, resulting in an automatic stay, and the Board of Immigration Appeals ("BIA") sustained the appeal upon

finding the immigration judge lacked authority to consider bond in light of the decision in *Matter of Yajure Hurtado*. *Id*. at 65.

On November 10, 2025, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This Court set a briefing schedule and issued a limited stay. ECF No. 4. Respondents filed a return to the petition on November 25, 2025. ECF No. 5. Petitioner filed a traverse on December 4, 2025. Upon review of the parties' submission, and for the reasons discussed below, the Court GRANTS the petition for writ of habeas.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner argues Respondents' conduct of subjecting him, an individual present in the United States for approximately eighteen years, to mandatory detention under 8 U.S.C § 1225 violates the Immigration and Nationality Act, his due process rights, and the Administrative Procedures Act. He requests the Court declare his detention without an individualized determination is unlawful, violating the Due Process Clause of the Fifth Amendment and the APA. ECF No. 1 at 18. He also requests the Court issue a writ of habeas corpus ordering his immediate release or, in the alternative, a bond hearing before an immigration judge, as well as enjoin Respondents from transferring him from the district without the Court's approval. *Id*. at 18-19. Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. *Id*. In their return to the petition, Respondents argue the claims and requested relief are jurisdictionally barred, and Petitioner is lawfully

detained.

**I.  Jurisdiction**

Respondents argue judicial review of claims arising from detention are barred under 8 U.S.C § 1252(g).  Respondents also argue 8 U.S.C. § 1252(b)(9) divests the court of jurisdiction to hear Petitioner's challenge to detain him, which arose from the decision to commence removal proceedings.

**A.  Section 1252(g)**

Congress explicitly divested courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)).   It is a "discretion-protecting provision" and does not divest courts of jurisdiction to hear legal challenges that do not implicate the Attorney General's discretionary authority.  *Id.* (citing *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004)).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner challenges Respondents' policy of treating noncitizens present in the United States as applicants for admission under § 1225(b)(2)(A) as unconstitutional and in violation of applicable statutes.  ECF No. 1 ¶¶ 53, 54, 64.  Challenges to detention without bond is generally collateral to, and does not arise from, the decision to commence and adjudicate proceedings or execute removal orders.  *See D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025).  Accordingly, § 1252(g) does not divest the Court of

25-cv-3105-BJC-MSB

jurisdiction.

**B. Section 1252(b)(9)**

Section 1252(b)(9) reads, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Supreme Court precedent demonstrates "decisions to deny bond hearings fall outside the purview of § 1252(b)(9)'s jurisdictional bar." *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, at *3 (S.D. Cal. Sept. 3, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 402 (2019)).

Petitioner's challenge to his detention pursuant to DHS policy of treating all noncitizens as applicants for admission under § 1225(b)(2)(A) does not challenge the decision to detain him or seek removal. *See Nielsen*, 586 U.S. at 402. Because the Court's review addresses Petitioner's challenge to the constitutionality of his detention and not any decision to detain or remove Petitioner, § 1252(b)(9) does not divest the Court of jurisdiction over the petition.

**II. Merits**

Petitioner contends several courts have rejected the argument that § 1225 governs detention of noncitizens, like him, that have been living in the United States for many years. He maintains, as an individual living in the interior of the country for eighteen years, he is subject to § 1226. Respondents argue the plain language of § 1225 requires the mandatory detention of Petitioner as an applicant for admission, and the plain language of the statute does not render § 1226(a) or § 1226(c) superfluous.

The parties' dispute centers around statutory interpretation. Respondents detained Petitioner under § 1225(b), as an "applicant for admission" subject to mandatory detention. Petitioner argues, as a noncitizen continuously residing in the United States for eighteen years, he is subject to § 1226(a) not § 1225(b). Statutory interpretation "begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118, (2009).

Pursuant to § 1225(b), "in the case of an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).  The plain text requires the "applicant for admission" be "seeking admission."  "[S]eeking admission" requires an affirmative act such as entering the United States or applying for status." *Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025).  Interpreting the statute, as Respondents suggest, to only require the noncitizen be an applicant for admission, as one present in the United States who has not been admitted, "ignores the other language that also requires them to be 'seeking admission' and for the examining officer to determine they are not clearly and beyond a doubt entitled to be admitted." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *5 (S.D. Cal. Nov. 4, 2025).  The rule against surplusage prohibits this Court from interpreting the statute in a way that would make "seeking admission" meaningless.  *See League of California Cities v. Fed. Commc'ns Comm'n*, 118 F.4th 995, 1019 (9th Cir. 2024).

Additionally, Respondents' interpretation makes a recent amendment to § 1226(c) superfluous.  The Laken Riley Act added a subsection to § 1226(c)(1), which denied bond or parole to any noncitizen who is (1) inadmissible under § 1182(a)(6)(A), (6)(C), or (7) as a noncitizen "present without admission or parole," or without valid entry documents, or who used fraud or misrepresentation to obtain entry documents, and (2) charged with, arrested for, or convicted of certain crimes.  Laken Riley Act, Pub. L. No. 119-1, 139 Stat 3 (2025)).  There is no need for an amendment denying bond or parole to those inadmissible noncitizens if all noncitizens present without admission are already subject to mandatory detention under § 1225(b)(2).

This interpretation is supported by Supreme Court interpretation of the pertinent immigration regulations.  *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838, 200 L. Ed. 2d 122 (2018) ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also

25-cv-3105-BJC-MSB

authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c).").  Additionally, most courts addressing the issue have disagreed with Respondents' interpretation.[1]

There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission."  Accordingly, § 1225 does not apply to Petitioner. Rather, Petitioner is subject to § 1226(a). "[A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."   8 U.S.C § 1226(a).  Pending the decision on whether to remove the alien, the Attorney General may continue to detain the individual or release him or her on bond or conditional parole. *Id*. Detaining Petitioner pursuant to § 1225 despite the immigration judge's bond order on July 25, 2025, violates his due process rights.

Based on the foregoing, the Court ORDERS:

1.     The petition for a writ of habeas corpus is GRANTED IN PART AND DENIED IN PART.

2.     Respondents shall immediately release Petitioner on the conditions ordered by the immigration judge on July 25, 2025, if Petitioner posts the ordered bond.

3.     Petitioner's request for an order prohibiting the Respondents from transferring Petitioner from the district without Court approval is DENIED as moot.

4.     Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees.

**IT IS SO ORDERED**.

Dated:  December 17, 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge

---

[1] *Martinez Lopez v. LaRose*, No. 25-CV-2717-JES-AHG, 2025 WL 3030457, at *4 (S.D. Cal. Oct. 30, 2025) (listing cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) (listing cases).

25-cv-3105-BJC-MSB